# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**CAMILIA TERRY,**

      **Plaintiff,**

  v.

**JANET YELLEN, Sec'y, U.S. Dep't of Treasury, et al.,**

      **Defendants.**

Case No. 3:21-cv-33

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

Plaintiff Camilia Terry, an inmate at Dayton Correctional Institution ("DCI"), who is proceeding *pro se*, filed the instant action in the Eastern Division of this Court on January 19, 2021. (Complaint, ECF No. 1-1). It was transferred to the Western Division because it is properly venued here (Order, ECF No. 2). Upon transfer, the undersigned ordered Terry to file an Amended Complaint (ECF No. 7), which she did on April 6, 2021 (Am. Complt., ECF No. 8).

Having performed the initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, the undersigned **ORDERS** that the Complaint against Defendants Janet Yellen, Secretary of the United States Department of Treasury; Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections; and Charles P. Rettig[1], Commissioner of Internal Revenue, all in their respective official capacities, be **ALLOWED TO PROCEED**.

---

[1] Terry erroneously lists a Samuel Jones as the Commissioner of Internal Revenue. As this is an official capacity suit, Rettig is automatically substituted.

I.      BACKGROUND

Although the Amended Complaint is not a model of clarity, Plaintiff as a *pro se* litigant is entitled to a liberal consgtruction of her pleading. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As the Magistrate Judge reads it, Terry alleges she was incarcerated at DCI during the time when the Economic Impact Payments ("EIPs") were disbursed under the Coronavirus Aid Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136; the Consolidated Appropriations Act, 2021 ("CAA"), Pub. L. 116-260; and the American Rescue Plan of 2021 ("ARPA"), Pub. L. 117-2 (Am. Compl., ECF No. 8, PageID 95, ¶ 1). However, Terry never received the funds. She alleges that Yellen and Rettig refused to disburse the funds as a result of her incarcerated status, despite a federal court order enjoining them from doing so, or that Chambers-Smith or ODRC employees received the funds, but unlawfully refused to disburse the funds to her. *Id*. at PageID 95-96, ¶¶ 1-3. Terry claims that these refusals violated her right to due process under the Fifth and Fourteenth Amendments. *Id*.

Although not listed in her Amended Complaint, the case to which Terry refers is *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) ("*Scholl II*"), *appeal dismissed at* No. 20-17077 (9th Cir. Dec. 11, 2020). In *Scholl*, a nationwide class of incarcerated individuals sued over the Department of Treasury and Internal Revenue Service's ("IRS") withholding of CARES Act payments to inmates, despite the IRS's "issu[ing] a news release that the agency would calculate and automatically issue an EIP to eligible individuals." *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021-22 (N.D. Cal. 2020), *appeal dismissed at* No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020) ("*Scholl I*"). On September 24, 2020, Judge Patricia J. Hamilton concluded that the Defendants had violated the Administrative Procedures Act and issued a preliminary injunction requiring Defendants to "reconsider advance refund payments to those who are entitled to such

payment based on information available in the IRS's records (i.e., 2018 or 2019 tax returns), but from whom benefits have thus far been withheld, intercepted, or returned on the sole basis of their incarcerated status." *Id*. at 1047.

On October 14, 2020, Judge Hamilton held that Defendants' decision to prevent EIPs from being disbursed to incarcerated individuals was arbitrary and capricious, in violation of the Administrative Procedures Act, *Scholl II*, 494 F. Supp. 3d at 690, and permanently enjoined Defendants "from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status." *Id*. at 693. On November 10, 2020, Defendants informed that Court that they had begun to take away "markers" from the files of otherwise eligible incarcerated individuals, and that the removal of those markers should enable those individuals "will now automatically be included in payment files provided to the Bureau of Fiscal Service (BFS), if they meet the eligibility criteria." (Case No. 4-20-cv-5309-PJH, Status Report, ECF No. 155, p. 2). On December 7, 2020, Defendants informed the California court that 352,166 inmates had received CARES Act payments as a result of Defendants' "reconsideration" (Status Report, ECF No. 161, pp. 2-3). Judge Hamilton entered final judgment on January 21, 2021, leaving the permanent injunction in place and maintaining jurisdiction over compliance (ECF No. 184).

## II.   LEGAL STANDARD

Because Plaintiff is *pro se* and proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that "is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it lacks 'an arguable basis either in law or in

fact.'" *Flores v. U.S. Att'y Gen.*, No. 2:14-cv-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "'indisputably meritless'" legal theories underlie the complaint, or when a complaint "relies on 'fantastic or delusional' allegations." *Id*. (quoting *Neitzke*, 490 U.S. at 327-28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Still, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429-30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although *pro se* complaints are to be construed liberally, *Haines, supra,* "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

### III.  ANALYSIS

At this stage of the case, the Court must accept as true Terry's allegation that she has not received payments from the CARES Act, CAA, or, ARPA (Am. Compl., ECF No. 8, PageID 95, ¶ 1). The nationwide injunction preventing the Department of Treasury or IRS from withholding EIPs solely on the basis of incarcerated status remains in effect. Thus, unless there is some additional reason (*e.g.*, child support offset) that would render her ineligible to receive EIPs, the failure to disburse is in violation of the injunction. Moreover, if the Department of Treasury or IRS has disbursed the funds to ODRC, but Chambers-Smith or ODRC employees have failed to

4

deposit the funds in prisoner accounts, then that failure would also be unlawful. Thus, Terry has pled a plausible claim for relief that is not foreclosed as a matter of law, and her complaint should be allowed to proceed to issuance of process against Defendants.

IV. **CONCLUSION**

Having performed the initial screen pursuant to 28 U.S.C § 1915A, the undersigned **ORDERS** that Plaintiff's Complaint against Yellen, Chambers-Smith, and Rettig be **ALLOWED TO PROCEED.**

Because Defendants Yellen and Rettig are officers or employees of the United States sued only in their official capacities, Plaintiff must serve process on the United States pursuant to Fed.R.Civ.P. 4(i) by (1) delivering a copy of the Summons and Amended Complaint to Acting United States Attorney Vipal Patel at the Walter H. Rice. Federal Building and United States Courthouse and (2) sending a copy of the Summons and Complaint by certified mail to Merrick Garland, the Attorney General of the United States, at the Department of Justice in Washington D.C. Summons and copies of the Amended Complaint for service shall be prepared by the Clerk. The service ordered in this paragraph shall be accomplished by the United States Marshal who shall make due return thereof and the Clerk shall prepare the required Marshal Service Form 285. 28 U.S.C. § 1915(d).

Because Defendant Chambers-Smith is sued in her official capacity only, she must be served by delivering a Summons and a copy of the Amended Complaint to her by certified mail, return receipt requested, issued by the Clerk of this Court. The process and the service copies of the Amended Complaint shall be prepared by the Clerk. 28 U.S.C. § 1915(d).

The Clerk shall promptly note return of service of process on the docket of this case.

IT IS SO ORDERED.

June 24, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge