UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CAMILIA T. TERRY, | : | Case No. 3:21-cv-33 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | District Judge Thomas M. Rose |
|  | : | Magistrate Judge Peter B. Silvain, Jr. |
|  | : |  |
| JANET YELLEN, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Camilia Terry was an inmate at Dayton Correctional Institution (DCI) when the Economic Impact Payments (EIPs) were disbursed under the Coronavirus Aid Relief, and Economic Security Act (CARES Act), Pub. L. 116-136; the Consolidated Appropriations Act, 2021 (CAA), Pub. L. 116-260; and the American Rescue Plan of 2021 (ARPA), Pub. L. 117-2. Plaintiff, however, did not receive the payments. Plaintiff brings this case, alleging that Defendants Janet Yellen, Secretary of the United States Department of Treasury, and Charles P. Rettig, Commissioner of Internal Revenue Service (IRS),[2] failed to issue the payments to her despite a federal court holding that they could not deny the funds to incarcerated individuals. (Doc. #8, *PageID* #s 95-96). Furthermore, Plaintiff alleges that Defendant Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction, unlawfully refused to disburse the funds to her. *Id.* at 95.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Plaintiff listed Samuel Jones as the Commissioner of the IRS. As Plaintiff brings this case against Mr. Jones in his official capacity as Commissioner of the IRS, Charles P. Rettig is automatically substituted. Fed. R. Civ. P. 25(d).

This case is presently before the Court upon Defendant Annette Chambers-Smith's Motion to Dismiss (Doc. #20); Plaintiff Camilia T. Terry's Response to Defendant Annette Chambers-Smith's Motion to Dismiss (Doc. #24); Defendant Chambers-Smith's Reply (Doc. #25); Defendant Janet Yellen and Charles Rettig's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #23); Plaintiff's Response (Doc. #27); and Defendants' Reply (Doc. #28).

## I.  Standard of Review

The Federal Rules of Civil Procedure provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. 1937 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937).

## II. Plaintiff's Allegations

Plaintiff alleges that Defendants Janet Yellen and Charles Rettig failed to issue three EIPs to Plaintiff "despite a federal court ruling that the IRS cannot deny the incarcerated advance refunds." (Doc. #8, *PageID* #s 95-96). Plaintiff alleges this constitutes deliberate indifference and denied her due process under the Fifth Amendment and Fourteenth Amendment. *Id.* Furthermore, Plaintiff alleges that Defendant Annette Chambers-Smith failed to act on information that unconstitutional acts were/are occurring—specifically, prison officials refusing to credit inmates with EIPs from the IRS. *Id.* at 95. In addition, Defendant Chambers-Smith was "grossly negligent in supervising prison employees who committed the unlawful acts by [withholding] funds …." *Id.* Plaintiff alleges this constitutes deliberate indifference and violates her rights to

due process under the Fifth Amendment and Fourteenth Amendment. *Id.* Plaintiff requests compensatory and punitive damages. *Id.* at 96. She also requests this Court issue injunctive relief orderings Defendants to "[r]efrain from with[h]olding any funds issued to inmates in the State of Ohio by the IRS or any other outside [] source, and order the IRS to issue inmate(s) including Plaintiff funds from the EIP Cares Act that were not issued immediately." *Id.* at 97.

### III. Economic Impact Payments

EIPs were disbursed to eligible individuals under the Coronavirus Aid Relief, and Economic Security Act (CARES Act), Pub. L. 116-136; the Consolidated Appropriations Act, 2021 (CAA), Pub. L. 116-260; and the American Rescue Plan of 2021 (ARPA), Pub. L. 117-2. Specifically, the CARES Act established a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). The tax credit was authorized to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428(f). The CAA authorized a second tax credit of $600, which also was authorized to be paid as an EIP. 26 U.S.C. § 6428A(a), (f). Finally, the ARPA directed EIPs in the amount of $1,400 to eligible individuals. 26 U.S.C. § 6428B(a)-(d).

Shortly after the CARES Act was signed into law, the IRS indicated that it would calculate and automatically issue an EIP to eligible individuals. *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 670 (N.D. Cal. 2020) ("*Scholl II*"), *appeal dismissed* (Dec. 11, 2020). The IRS later explained, in response to a "frequently asked question[]," that individuals who are incarcerated do not qualify for EIPs. *Id.* at 670-71 (citation omitted). Shortly thereafter, the IRS updated its internal procedures manual to reflect this policy. *Id.* at 671 (citation omitted).

After the IRS determined that incarcerated individuals were not eligible for EIPs, several incarcerated and formerly incarcerated individuals filed suit and eventually sought to certify a

4

class. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed,* No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). The court held that the CARES Act "does not authorize [the IRS] to withhold advance refunds or credits from class members solely because they are or were incarcerated." *Scholl II*, 494 F. Supp. 3d at 692. Further, the court entered a permanent injunction enjoining defendants from withholding benefits based on class members' incarcerated status. *Id.* at 692-93. The court, however, took no position as to whether the class members were in fact owed the payments. *Id.* at 691. Instead, it was "incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." *Id.*

## IV. Discussion

### a. Defendants Yellen & Rettig

Defendants Yellen and Rettig move to dismiss Plaintiff's Amended Complaint because Plaintiff cannot state a claim upon which relief can be granted. (Doc. #23, *PageID* #173). In Plaintiff's Amended Complaint, she alleges that Defendants Yellen and Rettig failed to issue three EIPs to her despite a federal court—the *Scholl* court—holding that the IRS cannot deny EIPs to incarcerated individuals. (Doc. #8, *PageID* #s 95-96). To the extent that Plaintiff argues that she was denied EIPs because of her incarcerated status, she is already a member of the *Scholl* class, so she is not entitled to separate individual relief. *Walters v. Mnunchin*, No. 3:21-CV-275-JD-MGG, 2021 WL 2105387, at *3-4 (N.D. Ind. May 25, 2021); (citing *McNeil v. Guthrie*, 945 F.2d 1163, 1165–66 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) ("Separate individual suits may not be maintained for equitable relief .... To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); *Byrd v. O'Grady*, 1990 WL 114616, *2 (N.D. Ill. July 27, 1990)); *see also Stevens v. Internal*

*Revenue Serv.*, No. 21-CV-00573-PJH, 2021 WL 827578, at *3 (N.D. Cal. Mar. 4, 2021) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (other citation omitted); *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021).

Similarly, to the extent she asks the Court to compel Defendants to provide her EIPs pursuant to the *Scholl* case or the CARES Act, she is not entitled to that relief either. As explained above, the *Scholl* court held that, although EIP payments could not be denied solely on the basis of a plaintiff's incarcerated status, it is the responsibility of the IRS, *not the court*, to make determinations on whether an individual is eligible and "meets the various criteria delineated in the Act." *Scholl II*, 494 F. Supp. 3d at 691; *see also Harden v. Yellen*, No. 21-CV-0362-BHL, 2021 WL 1515478, at *2 (E.D. Wis. Apr. 16, 2021) (citing *Scholl II* and noting that the plaintiff could not ask the court "to order the IRS to send him the stimulus payments" because it is incumbent upon the IRS to make those individual determinations)); *see also Stevens v. Internal Revenue Serv.*, No. 21-CV-00573-PJH, 2021 WL 827578, at *3 (N.D. Cal. Mar. 4, 2021).

Defendants Yellen and Rettig assert that Plaintiff failed to state a viable due process claim under the Fifth Amendment or the Fourteenth Amendment. Defendants Yellen and Rettig correctly observe that the Due Process Clause of the Fourteenth Amendment applies to the States. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). By comparison, the Due Process Clause of the Fifth Amendment applies to the United States. *Id.* Given that Defendants Yellen and Rettig are employees of the United States, Plaintiff's Due Process claims under the Fourteenth Amendment should be dismissed. *See Warfield v. Mnuchin*, No. 4:20-CV-04121-RAL, 2020 WL 5849716, at *3 (D.S.D. Oct. 1, 2020); *see also Davis v. City of Memphis Fire Dep't*, 940 F. Supp. 2d 786, 802, n.60 (W.D. Tenn. 2013) (citing *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Publ. Utils. Comm'n of D.C. v. Pollak,* 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed.

6

1068 (1952); *Hockenberry v. Village of Carrollton,* 110 F.Supp.2d 597, 603 (N.D. Ohio 2000); *Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc.,* 803 F.Supp. 1251, 1259 (E.D. Mich. 1992)).

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "[no] person shall be ... deprived of life, liberty, or property, without due process of law ..." The Due Process Clause includes a right to both substantive and procedural due process. *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017) (citing *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002)). Substantive due process is "[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed." *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (quoting *Pearson v. City of Grand Blanc,* 961 F.2d 1211, 1216 (6th Cir.1992) (internal quotation marks omitted)); *see Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002) ("Substantive due process 'prevents the government from engaging in conduct that shocks the conscience ... or interferes with rights implicit in the concept of ordered liberty....'") (quoting *United States v. Salerno,* 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). However, substantive due process "protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Range*, 763 F.3d at 588 (citing *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir.2003)); *see In re City of Detroit, Mich.*, 841 F.3d 684, 699 (6th Cir. 2016).

Plaintiff failed to state a valid substantive due process claim because she does not allege facts sufficient to establish she has a fundamental liberty interest in EIPs. *See Rahoi v. Internal Revenue Serv.*, No. 20-CV-1289-BHL, 2021 WL 2717164, at *3 (E.D. Wis. July 1, 2021) (citing *Cf. Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (noting that fundamental rights and

7

liberty interests protected by the Due Process Clause include the rights to marry, to raise children, to privacy, to use contraception, and to bodily integrity, as well as the interests protected by the Bill of Rights)).

The fundamental requirement of [procedural] due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Plaintiff also failed to state a plausible procedural due process claim. As explained in detail by Defendants Yellen and Rettig, the IRS has adequate procedures available for individuals who did not receive their EIPs. *See* Doc. #23, *PageID* #s 168-71 (citing *Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. 1:21 CV 425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) (other citations omitted). For example, if an eligible person did not receive the first or second EIP, the person could claim a recovery rebate credit on their 2020 tax return. *Id.* at 169 (citing https://www.irs.gov/newsroom/recovery-rebate-credit.). These procedures allow individuals who did not receive EIPs the opportunity to challenge the IRS's determination that the person is not eligible for EIPs.

Finally, Defendants Yellen and Rettig argue that Plaintiff has not properly stated a deliberate indifference. (Doc. #23, *PageID* #176). Plaintiff alleges that Defendants Yellen and Rettig's failure to issue three EIPs to her constitutes deliberate indifference. (Doc. #8, *PageID*

8

#95-96). However, she does not identify any legal basis for her claim. As correctly noted by Defendants Yellen and Rettig, prisoner claims alleging deliberate indifference are generally brought under the Eighth Amendment. (Doc. #23, *PageID* #176); *see Moore v. Washington*, No. 1:20-CV-1184, 2021 WL 508304, at *5 (W.D. Mich. Feb. 11, 2021) ("In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with ''deliberate indifference' to [his] health or safety.'") (quoting *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010)) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff failed to state a claim for deliberate indifference because she did not allege facts showing Defendants were aware of any substantial risk of serious harm to Plaintiff.

Accordingly, Defendant Yellen and Rettig's Motion to Dismiss (Doc. #23) is well taken.

      **b.**      **Defendant Chambers-Smith**

Defendant Chambers-Smith argues that no facts exist which to support Plaintiff's claims against Ms. Chambers-Smith." (Doc. #20, *PageID* #150). Plaintiff alleges that Defendant Chambers-Smith's "failure to act on information that unconstitutional acts were/are occurring through prison officials['] refusal to credit inmates with EIP funds sent to us from the IRS constitutes deliberate indifference to the rights of inmates." (Doc. #8, *PageID* #95). Further, "Defendant was also grossly negligent in supervising prison employees who committed the unlawful acts by withholding funds which constitutes deliberate indifference." *Id.*

Plaintiff provides some additional explanation in her Response to Defendant Chambers-Smith's Motion to Dismiss. Specifically, she indicates that she received a letter from the IRS

9

requesting that she verify her identity by calling a phone number. (Doc. #24, *PageID* #194). Plaintiff was not able to call the number because of the prison's restrictive phone system. *Id.* at 195. Instead, according to Plaintiff, Defendant Chambers-Smith sent a notice to offenders instructing them to take their IRS notices to their case manager. *Id.* The case manager would collect the individual's information, enter it into a spreadsheet, and provide the information to the IRS. *Id.* When Plaintiff received the notice from the IRS, she immediately reported the information to her case manager. *Id.* Her case manager informed her they had been instructed not to call the IRS. *Id.* As directed, the case manager took the numbers from Plaintiff's form and input them into the computer. *Id.*

Although Plaintiff's Response attempts to add new factual allegations concerning Defendant Chambers-Smith, the Court may not consider these new allegations without converting the motion to dismiss into a motion for summary judgment, as these allegations are not contained in the Amended Complaint. *See Turnage v. Oldham*, 346 F. Supp. 3d 1141, 1158 (W.D. Tenn. 2018) (citing *Neff v. Standard Fed. Bank*, 2007 WL 2874794, at *9 (S.D. Ohio Sept. 27, 2007)).

Accepting Plaintiff's allegations in Amended Complaint as true, she fails to state a plausible claim for relief against Defendant Chambers-Smith. Plaintiff does not allege that the IRS issued EIPs to Plaintiff or that Defendant Chambers-Smith or the prison received EIPs intended for Plaintiff. Indeed, Plaintiff alleges in her Amended Complaint that Defendants Yellen and Rettig failed to issue EIPs to Plaintiff. (Doc. #8, *PageID* #95). Accordingly, these allegations fail to state a claim upon which relief may be granted.

Plaintiff's claim that Defendant Chambers-Smith failed to supervise prison employees also fails. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676;

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has failed to allege that Defendant Chambers-Smith engaged in any active unconstitutional behavior, and therefore, Plaintiff fails to state a claim against Defendant Chambers-Smith.

Accordingly, Defendant Chambers-Smith's Motion to Dismiss (Doc. #20) is well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant Annette Chambers-Smith's Motion to Dismiss (Doc. #20) be GRANTED and all claims against Defendant Annette Chambers-Smith be DISMISSED;

2. Defendants Janet Yellen's and Charles Rettig's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #23) be GRANTED and all claims against Defendants Janet Yellen and Charles Rettig be DISMISSED; and

3. The case be terminated on the Court's docket.

March 9, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).